IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CALVIN BUTLER,

    Movant,

v.                                  CIVIL ACTION NO.    2:07-00780
                                   CRIMINAL ACTION NO. 2:06-00044

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Movant's petition to set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 109). Magistrate Judge Mary Stanley has issued Proposed Findings and Recommendations on the matter, ultimately recommending the Court deny the petition. Plaintiff has objected to that recommendation. For the reasons explained below, and those articulated by Magistrate Judge Stanley, the Court **DENIES** Movant's petition. The Court hereby **ADOPTS** Magistrate Stanley's Proposed Findings and Recommendations in full.

**Background**

On February 28, 2006, Calvin Butler was charged, through indictment, with one count of possession with intent to distribute 50 grams or more of cocaine base and a second count of possession of a firearm in furtherance of a drug trafficking crime. On August 22, 2006, The United States filed an information charging Mr. Butler with the additional crime of possession with intent

to distribute 5 grams or more of cocaine base. Mr. Butler pleaded guilty to the charge in the information and the second count of the indictment on August 28, 2006.

During sentencing, on February 5, 2007, Mr. Butler, through his attorney, objected to the imposition of 3 criminal history points as a result of a 3 to 23 months sentence he received on September 17, 1991. I overruled the objection and imposed a sentence at the low end of the guideline range. I sentenced Mr. Butler to serve 108 months on the drug trafficking charge and 60 months, to be served consecutively, on the firearms charge. (The government moved to dismiss the remaining charge for possession with intent to distribute 50 grams or more of cocaine base). I additionally imposed a term of supervised release of 5 years, a fine of $2,000, and a $200 special assessment. No appeal was taken.

Mr. Butler filed the instant petition for relief by writ of habeas corpus on December 3, 2007. The sole purpose of the petition is to challenge his receipt of 3 criminal history points for the 1991 crime. In an affidavit in support of his initial petition, Butler argues that he should not have received the three points because of his age, the suspension of the sentence, and its date in relation to the instant sentencing. He claims that he was under 18 at the time of the 1991 sentencing, that he served only 3 days of the 3 to 23 month sentence before it was totally suspended, and that the sentence was outside the 10 year period specified under U.S.S.G. § 4A1.2(e).

The government opposes Mr. Butler's petition on two grounds: (1) that Mr. Butler had procedurally defaulted on his claim by not raising it in direct appeal; and (2) that the Court had correctly calculated Mr. Butler's criminal history. The government points out that the Pennsylvania records relating to the defendant bore many different birth dates.

On April 21, 2008, the defendant filed a reply and attached a copy of his birth certificate bearing a date of May 29, 1973 – establishing that he was 17 at the time of the 1991 sentencing. The government filed a Supplemental Response on September 8, 2008, arguing that the birth certificate did not change the result because Mr. Butler was sentenced, in 1991, as an adult and could not collaterally attack that sentence in federal court. Mr. Butler filed a reply to the government's supplement requesting the supplement be stricken for untimeliness and for the first time raising an argument of ineffective assistance of counsel for failure to pursue a direct appeal of his criminal history calculation.

The petition was referred to Magistrate Judge Mary Stanley, who recommends that it be denied. She finds first that the ground for relief had been procedurally defaulted; also, that the guidelines had been applied correctly to calculate Mr. Butler's criminal history. On February 2, 2009, Mr. Butler filed objections to the Magistrate Judge's Report and Recommendation. He argues that he has not procedurally defaulted on his claim because the failure to appeal directly was the result of ineffective assistance of counsel. He then objects to the Magistrate's calculation of his criminal history under the sentencing guidelines.

**Analysis**

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The de novo standard of review will apply to the Court's analysis of Mr. Butler's objections. Because, however, I find that he has procedurally defaulted on his claim, there is no reason to address the Magistrate's calculation of his criminal history.

There are limitations on a prisoner's ability to use a petition for writ of habeas corpuse to assert a claim not raised on appeal. *U.S. v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir. 1999)

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.

*Id*. The existence of "cause" for a procedural default must ordinarily rest in something external to the defense itself. *Id.* To demonstrate a miscarriage of justice, "a movant must show actual innocence by clear and convincing evidence." *Id..* Mr. Butler's claim must fail because he can neither show cause and prejudice nor a miscarriage of justice.

## I. Counsel's Decision Not to Pursue This Matter on Appeal Cannot Serve as "Cause" for Default.

Established Supreme Court precedent holds "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Smith v. Murray*, 477 U.S. 527, 535 (1986) (quoting *Murray v. Carrier*, 477 U.S. 478, 486-87 (1986)). Ineffective assistance of counsel can serve as a basis for cause only where a movant can show that representation was constitutionally deficient. *Mikalajunas* 186 F.3d at 493 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). At minimum, this requires a showing that the attorney's performance fell below an objective standard of reasonableness. *Id.* A decision not to pursue an appeal of a sentencing issue based on a reasonable belief that such an appeal is unlikely to succeed does not meet his standard. *See id* at 492-93.

The sentencing issue raised here was well known to both Butler and his attorney at the time an appeal was available. Counsel raised the issue after the preparation of the draft presentence report and argued it at sentencing. I denied the objection and rejected the argument. The decision not to reassert the argument on appeal was almost certainly a conscious decision made based on counsel's evaluation of the likelihood of success. In any case, Mr. Butler has not made any showing that it was unreasonable. Mr. Butler has failed to show "cause" for his procedural fault and could only succeed if he were able to show "actual innocence by clear and convincing evidence." *Mikalajunas* 186 F.3d at 493.

**II.     Mr. Butler Is Unable to Demonstrate Actual Innocence.**

"Typically, to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted." *Id.* at 494. In some circumstances, however, a movant can show that he is "actually innocent" of facts other than the offense of conviction. The first such expansion of the actual innocence standard – to capital offenses – has been accepted by the United State Supreme Court. *See Sawyer v. Whitley,* 505 U.S. 333 (1992). In *Sawywer*, the Court decided a defendant could show "actual innocence"by demonstrating that "but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Id.* at 336. The Fourth Circuit Court of Appeals has expanded the standard one step further so that a defendant might be "actually innocent" of being a career offender. *See U.S. v. Maybeck*, 23 F.3d 888 (4th Cir. 1994). The expansion of actual innocence to any other misapplication of the sentencing guidelines was foreclosed, however, by the Fourth Circuit ruling in *Mikalajunas*. There the court explained,

> If the actual innocence exception is available any time
> a guideline is misapplied (such that the defendant is

> "actually innocent" of the application of the guideline), the actual innocence exception would swallow the rule that issues not raised in appeal cannot be considered in a § 2255 motion absent of a showing of cause and prejudice to excuse the default. . . . We decline to give *Maybeck* such an absurdly broad reading.  Rather, we conclude that under the reasoning of *Maybeck* actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision.

*Mikalajunas*, 183 F.3d at 494-95.  Thus, in the Fourth Circuit a petitioner can demonstrate actual innocence by showing he is innocent of one of the following: (1) the offense of conviction; (2) eligibility for the death penalty; or, (3) facts that result in classification as a career or habitual offender.

      Mr. Butler's only claim of innocence is to the guideline calculations of his criminal history. He does not challenge the offenses of which he has been convicted – either possession of 5 grams or more cocaine base with intent to distribute, or possession of a firearm in furtherance of a drug trafficking crime.  Nor, can he argue that he is innocent of circumstances resulting in the imposition of career or habitual offender guidelines.  (Even after the inclusion of the 3 contested criminal history points Mr. Butler fell within category "III.")  In short, Mr. Butler cannot make the showing of actual innocence required to modify a sentence despite a procedural default.

      Because Mr. Butler has failed to show either cause and prejudice or a miscarriage of justice, the Court cannot set aside the procedural default of his claim.  The ground for relief underlying the movant's petition for writ of habeas corpus was available to him on appeal; it was not pursued.  Mr. Butler cannot be allowed to circumvent the appeals process through a collateral attack such as the one brought here.

Having determined that the movant's procedural default is fatal to his habeas claim, there is no reason for the Court to once again address the guideline calculation of his criminal history. Magistrate Judge Stanley's description of the correct criminal history calculation is more than sufficient. Because of the default, even a meritorious argument would have to be rejected. As such the movant's petition for writ of habeas corpus is **DENIED**. The Court **ACCEPTS** the Magistrate's recommendations and **ADOPTS** her reasoning as its own.

## Conclusion

For the above stated reasons, the Court **DENIES** Calvin Butler's petition for relief (Doc. 109). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshal's Service.

ENTER: June 18, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE